IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES CAMPBELL | * | |
| *Plaintiff* | * | |
| v. | * | Case No. SAG-23-478 |
| JOHN MBAH, et al. | * | |
| *Defendants* | * | |

* * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Defendants, Kevin Thompson, Mathew Van Winkle, M.D., John Mbah, and Temitope Folowosele, pursuant to Federal Rules of Civil Procedure 34 and 45(d)(3)(A), provide this Memorandum in Support of their Motion to Quash Plaintiff's Subpoena regarding a report authored by the National Association of State Mental Health Program Directors regarding Perkins Hospital. Defendants submit that the subpoena should be quashed on the basis of medical review committee privilege, executive privilege and on relevancy grounds.

## I. INTRODUCTION

At all times relevant to the complaint, Plaintiff Charles Campbell was committed to the Maryland Department of Health for an evaluation of his competency after an attempted carjacking. Due to the nature of his charges, Plaintiff was placed at Clifton T. Perkins Hospital Center ("Perkins"), a maximum-security mental health facility operated by the Maryland Department of Health. Plaintiff claims that while at Perkins (1) he was improperly restrained and (2) he was denied food in retaliation for making a complaint. Plaintiff has subpoenaed a report authored by the National Association of State Mental Health Program Directors (NASMHPD). This report is privileged and protected from discovery based on medical review committee privilege, which is to ensure quality improvement in the delivery of health care, and executive privilege, which ensures candid discussion of essential policy matters; and should be excluded on relevance grounds.

## II. ARGUMENT

### A. *The NAMHPD Report is Not Discoverable Because the Department of Health and the National Association of Mental Health Program Directors Are Medical Review Committees*

The purpose of Maryland's medical review committee statute is to ensure confidentiality of peer review proceedings and thereby foster effective review of medical care and thereby to improve quality of health care. *See Brem v. DeCarlo, Lyon, Hearn & Pazourek, P.A.*, 162 F.R.D. 94 (D. Md. 1995). *Baltimore Sun Co. v. University of Maryland Medical Sys. Corp.*, 321 Md. 659 (1991). The Department of Health and the National Association of Mental Health Program Directors are medical review committees and as such the NAMHPD Report is not discoverable.

Under Maryland law, the definition of "medical review committee" includes "Any person, including a professional standard review organization, who contracts with an agency of the State or federal government to perform any of the functions listed in subsection (c) of this section." Md. Code Ann., Health Occ. § 1-401(b)(7); *See St. Joseph Med. Ctr., Inc. v. Cardiac Surgery Assocs., P.A.*, 392 Md. 75, 95 (2006). Subsection © provides further that a medical review committee: (1) evaluates and seeks to improve the quality of health care provided by providers of health care; (2) evaluates the need for level of the performance of the health care provided by the providers of health care; (3) evaluates the qualifications, competence and performance of the providers of health care; or (4) evaluates and acts on matters that relate to the discipline of any provider of health care. *Id.* The statute's coverage is "broad" and includes, for example, evidence received *by* a medical review committee as well as documents produced by the committee itself). *See McCoy v. Hatmaker*, 135 Md. App. 693 (2000) (privilege would protect documents associated with internal review conducted in response to a patient's family member's complaint). Maryland law is clear that the documents of a medical review committee are neither discoverable nor admissible. Heath Occ.§ 1-401(d).

The Department of Health is a medical review committee as defined by Md. Code Ann., Health Occ.§1-401(a)(3) and (b)(1). Under Health Occ. § 1-401(d), as a general rule, "the proceedings, records, and files of a medical review committee are not discoverable and are not admissible in evidence in any civil action." As an agency that licenses, certifies and disciplines providers of health care, the Department is a medical review committee, as defined by Maryland Code Ann, Health Occ. § 1-401(a)(3). Therefore, under Health Occ.

§ 1-401(d), the Department's proceedings, records and files" concerning all matters listed in 1-401(c) are not discoverable and not admissible into evidence." *See Brem v. DeCarlo, et al.*, 162 F.R.D. 94, 98(D. Md. 1995)('the statutory exception for actions initiated by physicians aggrieved by a committee decisions appear to be the only civil action which information gleaned from such a committee was intended to be discoverable.")

Moreover, the National Association of State Mental Health Program Directors (NASHMPD) is also a medical review committee as defined by Health Occ. § 1-401(b)(7). Any person, including a professional standard review organization, who contracts with an agency of this State or of the federal government to perform any functions listed in subsection (c) of this statute. In pertinent part, subsection (c) provides that "a medical review committee evaluates and seeks to improve the quality of health care provided by providers of health care." The website of the National Association of State Mental Health Program Directors explains the primary mission and objectives of the NASMHPD:

- Identify emerging clinical issues impacting state mental health authorities and the public mental health service delivery system;
- Provide advice and guidance to NASMHPD members and staff alike on best practices and policy for these issues;
- Provide forums to encourage states to share planning, programming, and research and evaluation findings to improve public mental health services; and
- Foster peer-to-peer information sharing and encourage collaborative responses to identified technical assistance needs in states.

https://nasmhpd.org/

Thus, at the request of the Department, which is a medical review committee, the NASMHPD, which is also a medical review committee, conducted an evaluation of Perkins and provided recommendations and guidance on various issues to improve public mental

health services. The medical review committee statute protects from discovery evidence received *by* a medical review committee as well as documents produced by the committee itself. *See St. Joseph Med. Ctr., Inc.*, 392 Md. at 97-98. This NASMHPD report falls squarely within the ambit of the medical review committee as delineated in Health Occ. § 1-401(b)(7). Thus, under the Maryland medical review committee statute, the NASMHPD report would be shielded from discovery and admissibility.

However, federal courts are not required to apply State-law privileges in federal question cases and will instead balance "the need for discovery of the information from the medical peer review committee files against the policies behind the state privilege" on a case-by-case basis. *Price v. Howard County Gen. Hosp.*, 950 F. Supp. 141, 142-43 (D. Md. 1996). This court has given effect to state law privileges "to the extent they are consistent with the federal policies implicated in a case .... 'and can be accomplished at no substantial cost to federal substantive and procedural policy.'" *Price,* 950 F. Supp. at 14, (quoting from *United States v. King,* 73 F.R.D. 103, 105 (E.D.N.Y. 1976)). *Tyndall v. Berlin Fire Co.*, 2014 WL 7363830 (D. Md. Dec. 23, 2014). *Brem*, 162 F.R.D. at 102.

Federal courts can apply privilege based on the state statute or engage in the balancing test. "A policy of comity exists between state and federal sovereignties and such policy impels federal courts to recognize state privileges where this can be accomplished at no substantial cost to federal policy." *Price,* 950 F. Supp. at 143. In *Price*, the issue was a federal claim of conspiracy in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. The Court reasoned that as the case was primarily about the

federal claim of conspiracy in the restraint of trade, the Maryland medical peer review privilege was not controlling.

Unlike *Price*, the case at bar concerns allegations of mistreatment of a patient and allegations of improper treatment and failure to provide medical care. This case is primarily about patient treatment, treatment which is entrenched in the medical review committee privilege. The Department undertakes to improve its patient care at Perkins by engaging in an internal evaluation by NASMHPD, an organization whose goals are to identify issues affecting the delivery of mental health treatment, to provide advice and guidance on how to improve these issues, and to foster collaborative exchange with the aim of improving public mental health services. The Department undertook this internal review of Perkins to improve mental health treatment available to patients committed to the Department. If such a report was subject to disclosure during discovery in civil cases, this would diminish the possibility that the Department would engage in any further review. A result which would contravene the precise purpose and goal of the Maryland peer review statute. Indeed, Judge Blake of this Court has acknowledged that the fundamental purpose of Maryland medical review committee statute of improving the quality of health care would be thwarted if confidentiality of medical review proceedings is not protected. *Brem*, 162 F.R.D. at 102.

Applying either the Maryland medical review committee statute or the Federal balancing test, the NASMHPD report is not discoverable.

**B. *The NASMHPD Report is also Protected by Executive Privilege***

The executive privilege also shields the report from discovery. The government may invoke executive or deliberative process privilege to avoid production of sensitive internal memoranda or investigative reports during litigation. *See Walsky Construction Co. v. U.S.,* 20 Cl Ct. 317 (1990); *Kaiser Aluminum & Chem Corp. v United States,* 141 Ct. Cl. 38, 157 F. Supp. 939 (1958). The NASMHPD Report is privileged and not subject to discovery.

To assert the privilege, the government must follow a three-step process. First, the head of the agency that has control over the requested document must assert the privilege after personal consideration. *Walsky Const. Co.*, 20 Cl. Ct. at 320. Second, the head of the agency must state with particularity what information is subject to the privilege. *Id.* Third, the agency must supply the court with "precise and certain reasons" for maintaining the confidentiality of the requested document. *Id.* *See* Affidavit of Dr. Aliya Jones, attached as **Exhibit 1**.

Once the privilege is asserted, the Government must satisfy two fundamental legal requirements to protect the documents under executive privilege. *Id.* First, the documents must record pre-decisional agency conduct. The reports must address activities antecedent to the adoption of agency policy. Second, the documents must contain decisional information, specifically the records or reports must address "a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters." *Id.* (quoting *Vaughn v. Rosen*, 484 F. 2d 820 (D.C. Cir. 1973)).

Additionally, the Court must consider the character of the documents as executive privilege applies to documents that contain opinions, recommendations and advice on

policy or legal matters. *Id.* (citing *Zenith Radio Corp. v. U.S.*, 764 F. 2d 1577 (Fed. Cir. 1985). Executive privilege protects "intragovernmental documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Green v. Thalhimers's Department Store*, 93 F.R.D. 657 (1982).

This court has applied the executive privilege to quash subpoenas to obtain documents similar to the report sought in this case. In *Nagy v. Baltimore Life Ins. Co.*, 49 F. Supp. 2d. 822 (D. Md. 1999), this court quashed a deposition subpoenas duces tecum of two current employees and one former employee of the Maryland Insurance Commissioner regarding correspondence, notes and memoranda utilized in generating a report by the Insurance Commissioner. This court applied the deliberative process privilege to quash the subpoenas, finding the State's interest in protecting the confidentiality of the Commissioner's deliberative process outweighed the minimal showing by the plaintiffs of the probative value of the sought materials. *Nagy*, 49 F. Supp. at 825-826.

Additionally, in *New York Times Company v. Dep't of Education*, 658 F. Supp. 3d 171 (2023), the court applied the application of deliberative privilege to reports used by a state agency in the development of policy. The deliberative process privilege is a species of the executive privilege. *Maryland Board of Physicians v. Geier*, 225 Md. App. 114, 149 (2015). In *New York Times Company*, the court examined whether the Department of Education could withhold a request for reports relating to the consideration and development of school safety policies. The Court acknowledged that factual information "can be inextricably intertwined with deliberative content, such that that the facts could not

be released without exposing the deliberative information, or in some instances the factual information amounted to the selection of certain facts from a broader universe of facts in a manner that reveals the writer's or editor's analysis as which specific facts are most relevant to their deliberative position." *New York Times*, 658 F. Supp. 3d at 190. The court noted that the agency conducted a review of the document and wherever possible purely factual information was segregated and released. *Id.* Additionally, the agency submitted an affidavit where it affirmed that it complied with its obligation to disclose what is reasonably segregable. The Court noted that an affidavit submitted by an agency is "accorded a presumption of good faith." *Id.* The Court held that the Department met its burden of demonstrating that disclosure of these reports would cause foreseeable harm to the agency's deliberative process. *Id.*

The NASMHPD Report is a comprehensive evaluation of Perkins that the Department undertook to obtain recommendations, advice and guidance on best practices and implementation of policies that support those best practices. *See* **Exhibit 1**. As such, the NASMHPD report is an amalgam of opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated. *See id.* The disclosure of this memorandum would cause foreseeable harm to the Department's deliberative process and the operations of Clifton T. Perkins Hospital. *Id.*

### C. THE REQUEST FOR THE REPORT IS MERELY A FISHING EXPEDITION BY THE PLAINTIFF

Plaintiff requests the report at issue with no idea what may be in the report and whether or not the report could provide useful discovery in the case. This is the exact type of fishing expedition which courts frown upon.

Rule 26 of the FRCP allows for liberal discovery. *Phillips North America, LLC v. Probo Medical, LLC*, 2022 WL 17793491 (S.D. W. Va, Dec. 19, 2022). However, even construed liberally there are limits to discovery. "Nonetheless, simply because information is discoverable under Rule 26, 'does not mean that discovery must be had.'" *Id.* at *2 (citing, *Scott Hutchinson Enters., Inc. v. Cranberry Pipeline, Corp.*, 2016 WL 5219633, at *2 (S.D. W. Va. Dec. 18, 2013).

Further, courts are charged to prevent "...fishing expeditions or an undirected rummaging through… records for evidence of some unknown wrongdoing." *Phillips North America, LLC* at *3, citing *Cuomo v. Clearing House Assn., LLC*, 557 U.S. 519, 531 (2009). This is exactly what Plaintiff's counsel attempts here. They want to rummage through a report without knowing what it could contain in hopes that it could help its case.

Plaintiff's counsel cannot show how this report might lead to the discovery of admissible evidence. "[A] party may not merely assert that requested materials may lead to the discovery of admissible evidence without presenting any intelligible explanation of how that is so." *Gross v. Morgan State University*, 2018 WL 9880053 (D. Md. Feb. 9, 2018) (citing *Cook v. Howard*, 484 F. App'x 805, 813 (4th Cir. 2012); *see also Grand Bahama Petroleum Co. v. Asiatic Petroleum Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977)).

Here, Plaintiff can only speculate how this document might help him prove his claim. This guessing on Plaintiff's part is the exact fishing expedition this Court should

prevent. *See Alvarado v. GC Dealer Servs. Inc.*, No. 18CV2915SJFSIL, 2018 WL 6322188, at *4 (E.D.N.Y. Dec. 3, 2018); *see also Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y. 2004).

**III. Conclusion**

For the foregoing reasons, and others which this Court deems relevant, Plaintiff's subpoena should be quashed.

Respectfully submitted,

ANTHONY G. BROWN
ATTORNEY GENERAL OF MARYLAND

/s/
_______________________________
Marisa F. Capone
Federal Bar No. 28516
Musa L. Eubanks
Federal Bar No. 15130
Assistant Attorneys General
Maryland Department of Health
300 W. Preston Street, Suite 302
Baltimore, Maryland 21201
Marisa.capone@maryland.gov
Musa.eubanks@maryland.gov
(410) 767-1861 (direct)
(410) 333-7894 (facsimile)

*Attorneys for Individual Defendants and Maryland Department of Health*