UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

January 29, 2026

**MEMORANDUM TO PARTIES RE:**   *Charles Campbell v. John Mbah,* et al., Civil Action No. SAG-23-0478

Dear Counsel:

The Court has completed its *in camera* review of the January 7, 2025, Forensic Psychiatry Consultation Report of the Clifton T. Perkins Hospital Center (the "Report"). The Report is the subject of a subpoena that Plaintiff served on the records custodian of Clifton T. Perkins Hospital Center ("Perkins"). Defendants moved to quash the subpoena and requested a protective order, arguing, in part, that the Report is protected from disclosure by the deliberative process privilege. ECF No. 106. In a previous Memorandum Opinion, I ordered Defendants to provide the Court with an unredacted copy of the Report so that I could evaluate the extent of any privileged information (such as opinions, recommendations, and advice) and non-privileged, factual information. ECF No. 119 at 7. I also ordered Defendants to provide a separate copy of the Report with their proposed redactions no later than December 30, 2025. ECF No. 119 at 7.

Defendants did not comply with the December 30 deadline. By January 14, 2026, Defendants had not produced <u>any</u> copy of the Report to the undersigned, and they failed to request any extension of time to comply with the Court's order. The Defendants' inaction prompted another Court order requiring Defendants to produce the requested copies of the Report no later than January 20. ECF No. 121.

On January 15, Defendants produced by email an unredacted copy of the Report and requested until January 26 to provide their proposed redactions. Defendants emailed a copy of the Report with their proposed redactions on January 28—two days after their requested extension.

Having reviewed and considered the final Report in its entirety, along with Defendants' proposed redactions, I find that portions of the Report contain information subject to the deliberative process privilege, while other portions contain only factual information that is discoverable.

Accordingly, Defendants may redact all information beginning on page 16 of the Report through page 29. On the first page of the Report, I agree with Defendants' proposed redactions as follows: Defendants may redact the first five sentences of the second paragraph, leaving only the final sentence of that paragraph without redactions. Defendants may redact the second sentence

of the third paragraph, leaving only the first sentence of that paragraph without redactions. Defendants may not redact any other information on the first page of the Report.

With respect to the remainder of the Report, Defendants <u>may not</u> redact any information on pages 2 through 15, and page 30 of the Report. The information on these pages describes the qualifications of the Report's authors and the underlying factual information that led to the Report's recommendations. This information includes a description of the sources of information, documents, and data reviewed for the Report, and summaries of interviews with various Perkins leadership and staff. The interview summaries do not identify any Perkins employee by name.

Defendants shall produce a copy of the final Report to Plaintiff with the redactions described above <u>no later than February 12, 2026</u>.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*

Chelsea J. Crawford
United States Magistrate Judge